NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015
Decided January 7, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1982

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-20060-01 |
| STANCE D. STRONG, *Defendant-Appellant*. | Michael P. McCuskey, *Judge*. |

**O R D E R**

Stance Strong was caught selling crack cocaine to a police informant in Kankakee, Illinois, and later pleaded guilty to distributing crack cocaine. *See* 21 U.S.C. § 841(a)(1). The court sentenced him below the guidelines range to 60 months' imprisonment, the statutory minimum. *See id.* § 841(b)(1)(B). Strong filed a notice of appeal, but his attorney asserts that any argument would be frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Strong has not responded to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we limit our

review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

First counsel explains that Strong has no interest in challenging his guilty plea and thus appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers challenging the length of Strong's sentence but properly concludes that to do so would be frivolous. Strong admitted that the count of conviction involved at least 28 grams of crack, making his 60-month prison term the statutory minimum, *see* 21 U.S.C. § 841(b)(1)(B), well less than the correctly calculated guidelines range (63 to 78 months based on a total of 167.5 grams and corresponding to an offense level of 25, *see* U.S.S.G. §§ 2D1.1(c)(6) (2013), 3E1.1(a), (b), and Strong's three criminal-history points, *see id.* § 4A1.1(c), 4A1.2(c)(1)). A below-guidelines sentence is presumptively reasonable. *United States v. Shamah*, 624 F.3d 449, 460 (7th Cir. 2010).

Counsel next considers arguing that Strong should have received relief under the "safety valve," which allows a sentence below the statutory minimum for certain nonviolent drug offenses. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. But counsel rightly notes that Strong's three criminal-history points made him ineligible for a sentence below the statutory minimum, s*ee* 18 U.S.C. § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1); *Dorsey v. United States*, 132 S. Ct. 2321, 2337 (2012), so any argument about the safety valve would be frivolous.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.